FILED
United States Court of Appeals
Tenth Circuit

September 3, 2015

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LITTLE SISTERS OF THE POOR HOME
FOR THE AGED, DENVER,
COLORADO, a Colorado non-profit
corporation, et al.,

     Plaintiffs - Appellants,

v.

SYLVIA MATHEWS BURWELL,
Secretary of the United States Department
of Health and Human Services, et al.,

     Defendants - Appellees.

------------------------------

ASSOCIATION OF GOSPEL RESCUE
MISSIONS, et al.,

     Amici Curiae.

_____

SOUTHERN NAZARENE UNIVERSITY,
et al.,

     Plaintiffs - Appellees,

v.

SYLVIA MATHEWS BURWELL, in her
official capacity as Secretary of the United
States Department of Health and Human
Services, et al.,

No. 13-1540

No. 14-6026

Defendants - Appellants.

------------------------------

AMERICAN CIVIL LIBERTIES UNION,
et al.,

    Amici Curiae.

_____

REACHING SOULS INTERNATIONAL,
INC., an Oklahoma not for profit
corporation, et al.,

    Plaintiffs - Appellees,

v.

SYLVIA MATHEWS BURWELL,
Secretary of the United States Department
of Health and Human Services, et al.,

    Defendants - Appellants.

No. 14-6028

_____

**ORDER**
_____

Before **BRISCOE**, Chief Judge, **KELLY**, **LUCERO**, **HARTZ**, **TYMKOVICH**,
**GORSUCH**, **HOLMES**, **MATHESON**, **BACHARACH**, **PHILLIPS**, **MCHUGH**, and
**MORITZ**, Circuit Judges.
_____

On July 14, 2015, the original panel opinion issued in these matters. On July 23,

2015, the Plaintiffs filed petitions for certiorari to the United States Supreme Court and

did not petition for rehearing to this court. Nonetheless, a poll was called, *sua sponte*, to

consider en banc rehearing. Upon that consideration, a majority of the active judges of

2

the court voted to deny. Judges Kelly, Hartz, Tymkovich, Gorsuch, and Holmes voted to grant en banc rehearing.

Judge Hartz has written separately in dissent. Judges Kelly, Tymkovich, Gorsuch and Holmes join in that dissent.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

13-1540, 14-6026, 14-6028 – *Little Sisters v. Burwell*

**HARTZ**, Circuit Judge, dissenting, in which Judges **KELLY**, **TYMKOVICH**, **GORSUCH** and **HOLMES** join:

I respectfully dissent from the denial of en banc review.

The opinion of the panel majority is clearly and gravely wrong—on an issue that has little to do with contraception and a great deal to do with religious liberty. When a law demands that a person do something the person considers sinful, and the penalty for refusal is a large financial penalty, then the law imposes a substantial burden on that person's free exercise of religion. All the plaintiffs in this case sincerely believe that they will be violating God's law if they execute the documents required by the government. And the penalty for refusal to execute the documents may be in the millions of dollars. How can it be any clearer that the law substantially burdens the plaintiffs' free exercise of religion?

Yet the panel majority holds otherwise. Where did it go wrong? It does not doubt the sincerity of the plaintiffs' religious belief. But it does not accept their statements of what that belief is. It refuses to acknowledge that their religious belief is that execution of the documents is sinful. Rather, it reframes their belief. It generalizes the belief as being only opposition to facilitating the use and delivery of certain contraceptives to which they object. Under this reframing, the plaintiffs have no *religious* objection to executing the forms; it is just that executing the forms burdens their religious opposition to certain contraceptives. The burden would be akin to that caused by a tax on sales of religious tracts at the church bookstore, where the church has no religious objection to

paying a tax but complains that the tax will make it harder to spread the Gospel. After so framing the plaintiffs' belief, the panel majority then examines the particulars of the governing law and decides that executing the documents does not really implicate the plaintiffs in the use or delivery of the contraceptives. If one accepts this reframing of plaintiffs' belief, the analysis of the panel majority may be correct; perhaps one could say that the exercise of this reframed belief was not substantially burdened. But it is not the job of the judiciary to tell people what their religious beliefs are.

Or perhaps the panel majority recognizes the plaintiffs' belief but is simply refusing to recognize its importance because it is merely an "uninformed derivative" of their core belief. Some of its language could be read as saying the following: (1) Yes, the plaintiffs have a religious objection to executing the documents. (2) But the religious core of that objection is the plaintiffs' opposition to certain types of contraception; their religious objection to executing documents is merely the expression of the view that being required to perform that task substantially burdens their beliefs regarding contraception. (3) To let the plaintiffs decide whether executing the documents is independently sinful in itself would be contrary to the court's duty to determine whether the document-execution requirement substantially burdens what the plaintiffs' religious concern is really all about—the provision and use of contraceptives. Put another way, the panel majority may be saying that it is the court's prerogative to determine whether requiring the plaintiffs to execute the documents substantially burdens their core religious belief, regardless of whether the plaintiffs have a "derivative" religious belief that

2

executing the documents is sinful.  This is a dangerous approach to religious liberty.

Could we really tolerate letting courts examine the reasoning behind a religious practice

or belief and decide what is core and what is derivative?  A Christian could be required to

work on December 25 because, according to a court, his core belief is that he should not

work on the anniversary of the birth of Jesus but a history of the calendar and other

sources show that Jesus was actually born in March; a December 25 work requirement

therefore does not substantially burden his core belief.  Or a Jewish prisoner could be

provided only non-kosher food because the real purpose of biblical dietary laws is health,

so as long as the pork is well-cooked, etc., the prisoner's religious beliefs are not

substantially burdened. The Supreme Court has refused to examine the reasonableness of

a sincere religious belief—in particular, the reasonableness of where the believer draws

the line between sinful and acceptable—at least since *Thomas v. Review Board of Indiana*

*Employment Security Division*, 450 U.S. 707, 715 (1981), and it emphatically reaffirmed

that position in *Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751, 2778 (2014).

Fortunately, the doctrine of the panel majority will not long survive.  It is contrary

to all precedent concerning the free exercise of religion.  I am aware of no precedent

holding that a person's free exercise was not substantially burdened when a significant

penalty was imposed for refusing to do something prohibited by the person's sincere

religious beliefs (however strange, or even silly, the court may consider those beliefs).

And the law of this circuit is clear.  Chief Judge Henry expressed the point for a panel of

this court in *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1315 (10th Cir. 2010):  "We

3

conclude that a religious exercise is substantially burdened under [RFRA] when a government . . . requires participation in an activity prohibited by a sincerely held religious belief . . . ."  The en banc court adopted that proposition in *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1138 (10th Cir. 2013), *aff'd*, 134 S. Ct. 2751 (2014).

Resolution of the substantial-burden question does not, however, resolve this litigation.  I would set aside the panel decision regarding substantial burden and then return this case to the panel to determine whether the certification requirement is the least restrictive means of furthering a compelling governmental interest.